## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOSEPH JOHNSON, JR.,

GDC NO. 759901,

                    **Petitioner,**

     **v.**                                  **1:09-cv-1634-WSD**

**WILLIAM TERRY, Warden,**

                    **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge C. Christopher Hagy's

Final Report and Recommendation ("R&R") [9] regarding Petitioner Joseph

Johnson, Jr.'s ("Petitioner") Petition for Writ of Habeas Corpus [1], Respondent

William Terry's ("Respondent") Motion to Dismiss Petition for Lack of

Exhaustion [6]; and Petitioner's Motion for Stay/Abeyance [7].

## I.     BACKGROUND

In 2000, Petitioner pled guilty to felony murder.  (Johnson v. State, 275 Ga.

538, 538 n. 1, 570 S.E.2d 289 (2002)).   Petitioner then moved to withdraw the

plea.  The trial court denied Petitioner's request to withdraw.  (Id.).  Petitioner

appealed, and on September 20, 2002, the Supreme Court of George affirmed the trial court's decision not to allow Petitioner to withdraw his plea.  (Id.).

On November 25, 2003, Petitioner filed a state habeas corpus petition in the Macon County Superior Court.  (Resp't Mot. to Dismiss, Ex. 2).  The Superior Court held an evidentiary hearing on the petition on September 29, 2004, and on March 8, 2007, the petition was denied.  (Resp't Mot. to Dismiss, Exs. 5, 9 & 10).  The Superior Court, however, failed to mail to the Petitioner a copy of the order denying the petition as required under state law.  (Resp't Mot. to Dismiss, Ex. 6; see also O.C.G.A. § 15-6-21(c)).  On June 29, 2009, the Superior Court, recognizing the mailing oversight, vacated its March 8, 2007 order, reissued it, and mailed to Petitioner the reissued final order denying the petition.  (Id.).

On July 13, 2009, Petitioner timely filed his notice of appeal of the reissued order.  (Resp't Mot. to Dismiss, Ex. 7).  Upon receipt of the appeal notice, the Georgia Supreme Court docketed Petitioner's application for certificate of probable cause to appeal.  (Resp't Mot. to Dismiss, Ex. 8; See also Johnson v. State, No. S09H1863 (Ga. filed July 1, 2009)).  The Georgia Supreme Court has not ruled on the application.

On June 18, 2009, about three weeks before the Macon County Superior Court reissued its 2007 order, Petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. [1].

Respondent moves to dismiss the petition on the ground that Petitioner's appeal of the state habeas corpus action is pending in the Georgia Supreme Court and thus Petitioner has not fully exhausted his state court remedies. [6]. In response, Petitioner moves, under the holding in <u>Rhimes v Weber</u>, 540 U.S. 269, 278 (2008), for a stay and abeyance of the action until the Georgia Supreme Court decides the appeal. [7].

On December 4, 2009, Magistrate Judge C. Christopher Hagy issued his Final Report and Recommendation ("R&R") recommending that Petitioner's Motion for Stay/Abeyance be denied and this action be dismissed without prejudice. [9].

## II. DISCUSSION

### A. <u>Standard of Review on the Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A

district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Petitioner did not object to the R&R, so the Court reviews it for plain error.

**B.      The Magistrate Judge's R&R**

The Magistrate Judge found that dismissal of Petitioner's petition for writ of habeas corpus was proper under 28 U.S.C. § 2254(b)(1) which provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)      the applicant has exhausted the remedies available in the courts of the State, or
>
> (B)      (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-520 (1982)). The Magistrate Judge concluded that Petitioner had not exhausted the remedies available to him in state habeas corpus proceedings since he has an appeal pending on the same subject matter with the Georgia Supreme Court. See Johnson v. State, No. S09H1863 (Ga. Filed July 21, 2009).[1]

The Magistrate Judge also concluded that there was no justification to stay this matter or place it in abeyance pending the conclusion of the appeal to the Georgia Supreme Court. [9 at pp. 2-3]. The Supreme Court in Rhimes provides for a stay and abeyance procedure in appropriate cases where a petitioner has exhausted and unexhausted claims. Where appropriate, Rhimes allows for the federal habeas action to be stayed and held in abeyance until a petitioner exhausts all of his state remedies on his habeas claims. Rhimes, 540 U.S. at 278. In his Motion for Stay/Abeyance, Petitioner asserts that he has exhausted a number of his state claims. [7 at p. 4]. Petitioner, however, does not identify any "exhausted" claims,

---

[1] The Georgia Supreme Court's website current lists the status of Petitioner's appeal as "pending." (See http://www.gasupreme.us/docket_search/results_one_record.php?docr_case_num=S09H1863 (Last checked December 23, 2009)).

and a review of the Petitioner's petition for writ of habeas corpus reveals that his claims all remain unexhausted. Stay and abeyance is not appropriate here.

The Magistrate Judge recommended that the Court deny Petitioner's Motion for Stay/Abeyance, grant Respondent's Motion to Dismiss, and dismiss Petitioner's petition without prejudice since he has not exhausted his state remedies. Finding no plain error, the Court adopts the R&R.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge C. Christopher Hagy's Final Report and Recommendation [9].

**IT IS HEREBY FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 23rd day of December, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE